UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TERENCE K. WOLFE,

    Plaintiff,

vs.                              CASE NO. 3:08-cv-813-J-25TEM

EMMETT GLASGOW, HEATHER
GLASGOW and LAWRENCE BERNARD,

    Defendants.
_____

**O R D E R**

This case is before the Court on the Motion to Quash Subpoena Duces Tecum to Non-Party (Doc. #79, Motion to Quash), filed by movant Watson Realty Corp. on June 12, 2009. Plaintiff's Memorandum in Opposition to Motion. . .(Doc. #82) was filed June 19, 2009. The matter is thus ripe for the Court's consideration.

A review of the record of this case, to date, reveals the following pertinent information:

    1.    This is a multi-count action based on alleged discrimination of Plaintiff as a disabled individual under the Fair Housing Act[1] (Doc. #67).

    2.    The Case Management and Scheduling Order (Doc. #42) was issued December 18, 2008, setting discovery cutoff for April 1, 2009. The Court subsequently extended discovery through the close of business on April 20, 2009 (Doc. #55).

---

[1] 42 U.S.C. §§3601-19

3. No further request for extension of time within which to conduct discovery has been filed by any of the named parties. By virtue of the instant motions, the Court has determined the parties have not otherwise agreed on their own to extend discovery.

4. Non-party Watson Realty filed the Motion to Quash (Doc. #79) with the Court on June 12, 2009. The challenged subpoena duces tecum was issued by the Clerk of Court on February 20, 2009, but was not served upon Watson Realty Corp. until approximately May 26, 2009 (*see* Doc. #79, Exhs. A & B).[2] In general, Plaintiff's subpoena seeks all documents in Watson's possession relating to the Defendants, to Watson's former employee Leona Catalano, to any property known to be owned by the Defendants now or at any time, and all documents relating to any communication between Watson and the Defendants in the past five (5) years.

5. Watson objects to the subpoena on the grounds that it is overbroad, burdensome, unreasonable and was served after the close of discovery (Doc. #79).

As to the merits of the motion to quash now before the Court, a plain reading of the documents sought by the subpoena duces tecum reveals the request to be overly broad on its face. The subpoena fails to describe the documents sought with any particularity and requires a corporation that is publicly known to be a large entity with numerous offices throughout this state, which is not a party in the lawsuit, to search its entire database of records to produce every document which refers or relates in any way to the named

---

[2] Watson Realty advises the subpoena was received only "by mail" delivery (Doc. #79 at 1-2). Plaintiff has not stated otherwise, nor has Plaintiff contested the date on which Watson Realty claims to have received the subpoena. However, as Watson Realty has not challenged the sufficiency of service, the Court will limit its analysis to the arguments made within the Motion Quash.

Defendants and to former employee Leona Catalano (*see* Doc. #79, Exh. A). The Court does not doubt such a broadly worded request encompasses numerous documents wholly irrelevant to the lawsuit underlying this case.

The somewhat limited case law concerning non-party production of discovery materials reveals there is a case-specific balancing test wherein the court must weigh factors such as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by the request and the particularity with which the documents are described against the burden imposed on the person ordered to produce the desired information. *See, e.g.*, *Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545 (11th Cir. 1985); *American Elec. Power Co., Inc. v. United States*, 191 F.R.D. 132 (S.D. Oh. 1999). Courts must also consider the status of a witness as a non-party when determining the degree of burden; the status of the person as a non-party is a factor often weighing against disclosure. *American Elec. Power Co., Inc.* at 136.

In weighing these factors against the contested subpoena duces tecum, the Court finds to require compliance with the document request as worded would result in an undue and unnecessary burden on the movant. Plaintiff's Memorandum in Opposition indicates Watson Realty has agreed to produce some responsive documents, from which Plaintiff infers other responsive documents must exist and must be produced (*see* Doc. #82 at 3-4). In this case, Plaintiff has painted the subpoena with too broad a brush.

Accordingly, upon due consideration and for good cause shown, it is hereby **ORDERED:**

Watson's Motion to Quash (Doc. #79) is **GRANTED to the extent** the subpoena issued on February 20, 2009 to Custodian of Records for Watson Realty is **quashed**. In light of the facts as presented, the Court finds an award of attorney fees and costs to the movant Watson Realty is not warranted.

In granting the instant motion, the Court reminds the parties that discovery may continue after the discovery deadline through voluntary means.

**DONE AND ORDERED** at Jacksonville, Florida this 7th day of July, 2009.

Copies to all counsel of record
and *pro se* Plaintiff

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge